UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TU THIEN THE, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TU THIEN TELECOM, INC., a California corporation; PAUL VIET LE, an individual; and LAM NGUYEN, an individual,<br><br>　　　　Defendants.<br><br>TU THIEN TELECOM, INC., a California corporation; and LAM NGUYEN, an individual,<br><br>　　　　Counter-Claimants,<br><br>　　v.<br><br>TU THIEN THE, INC., a California corporation; and HUONG THANH NGUYEN, aka HAI LE, an individual,<br><br>Counter-Defendants. | CASE NO. CV 11-09899-MWF (JEMx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

1

The legal claims in this matter came on for trial before a jury on February 12, 13, 14, 18, 19, 20, and 21, 2014. Following the presentation of evidence and closing arguments, the jury returned verdicts in favor of Plaintiff Tu Thien The, Inc. ("Plaintiff"). (Docket No. 144). The jury found that: (1) Defendants Tu Thien Telecom, Inc., Paul Viet Le, and Lam Nguyen (collectively, "Defendants") infringed on Plaintiff's trade name, trademark, and service mark, and did so willfully or in bad faith; and (2) Defendant Paul Viet Le was liable for conversion. The jury awarded damages as follows:

    a. Actual damages for Plaintiff's trademark claims: $ 500,000.00
        i. Before October 2011: $100,000.00
        ii. From October 2011 onward: $400,000.00
    b. Defendants' profits on Plaintiff's trademark claims: $ 668,000.00
        i. Before October 2011: $218,000.00
        ii. From October 2011 onward: $450,000.00
    c. Damages on Plaintiff's conversion claim: $ 35,000.00
    Total Damages: $1,203,000.00

While Defendant Paul Viet Le is solely liable for amounts before October 2011, all three Defendants are jointly and severally liable for amounts from October 2011 onward.

The jury found against Counter-Claimants Tu Thien Telecom, Inc. and Lam Nguyen ("Counter-Claimants") on their trademark claims. The jury found that Counter-Defendants Tu Thien The, Inc. and Hai Le ("Counter-Defendants") did *not* infringe on Counter-Claimants' trade name, trademark, or service mark.

Plaintiff and Counter-Claimants also brought mirror-image equitable claims, which were not submitted to the jury. The equitable claims are: (1) service mark and trade name dilution, in violation of the Lanham Act, 15 U.S.C. § 1125(c); (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) injunction for infringement, in violation of California Business

& Professions Code § 14402; (4) unjust enrichment; and (5) "injury to business reputation" (*i.e.*, a state law dilution claim).

With regard to these equitable claims, the Court makes the following findings of fact and reaches the following conclusions, pursuant to Rule 52 of the Federal Rules of Civil Procedure. Any finding of fact that constitutes a conclusion of law is also hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is also hereby adopted as a finding of fact.

## I. FINDINGS OF FACT

The equitable claims before the Court are based on the same underlying facts as the legal claims presented to the jury. Therefore, with regard to the equitable claims, the Court is bound by the jury's factual findings under the doctrine of collateral estoppel. *See Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011) ("[W]here legal claims tried by the jury and equitable claims tried by the court are 'based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'"). The Court thus adopts the findings embodied in the jury's verdict (Docket No. 144).

## II. CONCLUSIONS OF LAW

**A. Dilution Claim Under the Lanham Act**

Plaintiff alleged that Defendants diluted Plaintiff's trade name and service mark, in violation of the Lanham Act, 15 U.SC. § 1125(c). (First Amended Complaint ("FAC") ¶¶ 65-74 (Docket No. 37)). Counter-Claimants alleged a mirror-image dilution claim under the Lanham Act. (Counterclaim ¶¶ 36-44 (Docket No. 41)).

To establish a dilution claim, the plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008). For purposes of

the dilution claim, "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A).

In reaching its decision on the legal claims, the jury did not determine whether either Plaintiff's or Counter-Claimants' marks were famous. Therefore, the Court must make its own finding on this issue. Neither party presented evidence demonstrating that their marks were "widely recognized by the general consuming public of the United States." *Id.* At most, the marks used by the parties had gained recognition within the Vietnamese American community in Orange County, California, which does not establish nationwide fame. Therefore, both parties failed to demonstrate that their marks were famous within the meaning of the Lanham Act.

B.   **"Injury to Business Reputation" Claim**

Plaintiff alleged that Defendants' use of Plaintiff's service mark and trade name creates a likelihood of injuring Plaintiff's business reputation. (FAC ¶¶ 106-108). Counter-Claimants alleged a mirror-image "injury to business reputation" claim. (Counterclaim ¶¶ 64-65). The parties lodged a Proposed Pretrial Conference Order, which clarified that these claims were brought under California's Anti-Dilution Act. (Docket No. 81-1 at 30).

The analysis of dilution claims under federal and California law is the same. *See Jada Toys*, 518 F.3d at 634 ("[Plaintiff] brought dilution claims under both federal and California state law. The analysis under each is the same."); *see also* Cal. Bus. & Prof. Code § 14272 ("provid[ing] a system of state trademark registration and protection substantially consistent with the federal system of trademark registration"). The primary difference between the two claims is the level of fame that must be established. Under California law, "a mark is famous if it is widely recognized by the general consuming public of this state, or by a geographic area of this state, as a designation of source of the goods or services of the mark's owner." Cal. Bus. & Prof. Code § 14247(a).

As noted above, the jury did not determine whether Plaintiff's or Counter-Claimants' marks were famous. The Court finds that neither party presented evidence demonstrating that their marks were "widely recognized by the general consuming public" of either the state or a geographical area in the state. *Id.* While the marks used by the parties may be recognized by the Vietnamese American community in Orange County, California, that does not demonstrate recognition by "the general consuming public." Cal. Bus. & Prof. Code § 14247(a). Therefore, both parties failed to demonstrate that their marks were famous under California law.

### C. **UCL Claim**

Plaintiff alleged that Defendants violated the UCL by exploiting, infringing, and diluting Plaintiff's marks. (FAC ¶¶ 75-84). Counter-Claimants alleged a mirror-image UCL claim. (Counterclaim ¶¶ 45-53).

The UCL "establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548 (1999). The "unlawful" prong "'borrows' violations of other laws and treats them as unlawful practices," which the UCL makes "independently actionable." *Id.* (quoting *State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093, 1103, 53 Cal. Rptr.2d 229 (1996)). Moreover, courts have held that a trademark infringement claim under Section 43(a) of the Lanham Act is co-extensive with a UCL claim. *See Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994)) (The Ninth Circuit "has consistently held that . . . actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." (quoting *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991))); *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031 (C.D. Cal. 2011) *aff'd*, 738 F.3d 1085 (9th Cir. 2013) ("[T]he courts have uniformly held that common law and statutory trademark

infringement are merely specific aspects of unfair competition."); *see, e.g.*, *Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F. Supp. 2d 1072, 1087 (C.D. Cal. 2006) *aff'd*, 06-56338, 2009 WL 766517 (9th Cir. Mar. 24, 2009) (concluding, after a bench trial, that because the plaintiff prevailed on its trade dress infringement claim, "it must also prevail on its claim for unfair competition under Cal. Bus. & Prof. Code § 17200").

The UCL claims are based on the same factual allegations as the trademark claims decided by the jury.

The jury found that Defendants infringed Plaintiff's trade name and marks in violation of the Lanham Act. Based on this finding of infringement, the Court concludes that Defendants also violated the UCL.

Conversely, the jury found that Counter-Defendants did not infringe Counter-Claimants' trade name and marks. Based on this finding, the Court concludes that Counter-Defendants did not violate the UCL.

Plaintiff's remedies under the UCL are limited to injunctive relief and restitution. *See* Cal. Bus. & Prof. Code § 17203 (permitting the court to make orders "necessary to prevent" unfair competition or "necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition"); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950, 119 Cal. Rptr. 2d 296 (2002) (stating that a private plaintiff, as opposed to a public prosecutor, is limited to injunctive relief and restitution). These remedies are redundant with those awarded under the trademark claims, which include injunctive relief and Defendants' profits. Therefore, Plaintiff is not entitled to any greater remedies under the UCL.

**D.      Injunction for Infringement**

Plaintiff alleged that it is entitled to an injunction because Defendants have used trade names confusingly similar to Plaintiff's. (FAC ¶¶ 85-91). Counter-Claimants have alleged a mirror-image claim. (Counterclaim ¶¶ 54-59).

Under California law, "[a]ny court of competent jurisdiction may restrain, by injunction, any use of trade names in violation of the rights defined in this chapter." Cal. Bus. & Prof. Code § 14402. "This claim is virtually identical to plaintiff's first claim under the Lanham Act." *Chronicle Publ'g Co. v. Chronicle Publ'ns, Inc.*, 733 F. Supp. 1371, 1380 (N.D. Cal. 1989) (enjoining the defendant's use of certain trade names, where the plaintiff established a "likelihood of confusion" under the Lanham Act).

The injunction for infringement claims are based on the same factual allegations as the trademark claims decided by the jury.

The jury found that Defendants infringed Plaintiff's trade name, which required a finding that there was a likelihood of confusion between Plaintiff's and Defendants' trade names (*see* Docket No. 140 at 17). Moreover, in a separate Order, the Court already determined that the principles of equity weigh in favor of granting Plaintiff injunctive relief on the trademark claims. Accordingly, Plaintiff is also entitled to injunctive relief under § 14402, the scope of which is coextensive with the injunction awarded for the trademark claims.

Conversely, the jury found that Counter-Defendants did not infringe on Counter-Claimants' trade name. Based on this finding, the Court concludes that Counter-Defendants did not violate Counter-Claimants' trade name rights, as required to obtain relief under § 14402.

**E.** **Unjust Enrichment**

Plaintiff alleged that Defendants were unjustly enriched by their acts of infringing on Plaintiff's trade name and marks, and converting Plaintiff's checks. (FAC ¶¶ 101-105). Counter-Claimants allege that Counter-Defendants were unjustly enriched by their infringement of Counter-Claimants' trade name and marks. (FAC ¶¶ 60-63).

"Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another." *Baggett v.*

7

*Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1270 (C.D. Cal. 2007). However, "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347 (2003) (quoting *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448, 9 Cal. Rptr. 2d 774 (1992)). "[F]ederal courts have consistently followed *Melchior* and held that California law does not recognize a cause of action for unjust enrichment, so long as another cause of action is available that permits restitutionary damages." *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012).

The unjust enrichment claims are based on the same factual allegations as the claims decided by the jury.

The jury found that Plaintiff prevailed on its trademark claims and awarded Plaintiff the profits that resulted from Defendants' infringement. The jury further found that Plaintiff prevailed on its conversion claim and awarded Plaintiff damages, including the sum of money that was converted by Defendant Paul Viet Le. Therefore, the trademark claims and the conversion claim provide Plaintiff with all of the restitutionary relief to which it is entitled. Therefore, this Court does not recognize Plaintiff's unjust enrichment claim as a separate claim for relief.

Conversely, the jury found that Counter-Claimants did not prevail on their trademark claims. In other words, Counter-Defendants did not infringe on Counter-Claimants' trade name and marks. Bound by the jury's findings, the Court concludes that Counter-Defendants have not unjustly retained a benefit at the expense of the Counter-Claimants.

### III. VERDICT ON EQUITABLE CLAIMS

With regard to the equitable claims, the Court finds and rules as follows:

**A.  Plaintiff's Equitable Claims**

1. The Court finds in favor of Plaintiff on the following claims:

8


      a. Plaintiff's Claim 4 for unfair competition in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and

      b. Plaintiff's Claim 5 for injunction for infringement, Cal. Bus. & Prof. Code § 14402.

2. The Court finds in favor of Defendants on the following claims:

      a. Plaintiff's Claim 3 for service mark and trade name dilution in violation of Section 43(c) of the Lanham Act;

      b. Plaintiff's Claim 7 for unjust enrichment; and

      c. Plaintiff's Claim 8 for injury to business reputation, Cal. Bus. & Prof. Code § 14247.

**B.** **Counter-Claimants' Equitable Claims**

1. The Court finds in favor of Counter-Defendants on the following claims:

      a. Counter-Claimants' Claim 3 for service mark and trade name dilution in violation of Section 43(c) of the Lanham Act;

      b. Counter-Claimants' Claim 4 for unfair competition in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*;

      c. Counter-Claimants' Claim 5 for injunction for infringement, Cal. Bus. & Prof. Code § 14402;

      d. Counter-Claimants' Claim 6 for unjust enrichment; and

      e. Counter-Claimants' Claim 7 for injury to business reputation, Cal. Bus. & Prof. Code § 14247.

Dated: August 11, 2014

*/s/ Michael W. Fitzgerald*
MICHAEL W. FITZGERALD
United States District Judge